FOARD v. WOMACK, USE, &C:

1. Where the drawees of a bill had *no effects* of the drawer in their hands form the time it was drawn up to the time of its maturity, in an action against the drawer, the holder will be excused from proving, that a presentment was made when the bill became *due*, and that notice of the dishonor was *promptly* given, to the drawer; and such is the law, notwithstanding the bill may be drawn in good faith, and if duly presented would have been honored.

Writ of error to the County Court of Sumter.

THIS was an action of *Assumpsit* brought by the defendant in error, in the County Court of Sumter, against the plaintiff as the drawer of a bill of Exchange, for eight hundred and twenty-five dollars, addressed to Messrs. Turner & Lewis of Mobile, dated the 5th November, 1836, and payable twenty-six days thereafter.

The cause was submitted to a jury, who returned a verdict for the plaintiff below; on which judgment was rendered.

On the trial, a bill of exceptions was taken to the ruling of the Court. From this, it appears that the bill of exchange, on which the action was founded, was not presented for payment until forty-four days after its maturity, at which time notice of non-payment was duly given to the defendant below. It was shown, that the drawer had no funds in the hands of the drawees, during the time which intervened between the drawing,

and maturity of the bill; nor even up to the time of its present-
ment.   It however appeared, that the drawer had an open ac-
count with the drawees; and had before drawn on them; that
they had always honored his bills, and would have accepted
and paid the one in controversy.   And further, that the draw-
er was doubtful, whether he had funds in the drawee's hands
at the time of drawing.

Upon these facts, the Court charged the jury that, if they be-
lieved from the evidence, that the defendant had no funds in
the hands of the drawees, during the time which intervened
between the drawing of the bill and its presentment, they
should find for the plaintiff.   The defendant moved the Court
to instruct the jury that, although the defendant had no funds
in the hands of the drawees at the time of drawing the bill;
yet, if the drawees were in the habit of accepting for the de-
fendant, and he had every reason to believe they would ac-
cept this bill, he was entitled to notice of dishonor.   Which in-
struction the Court refused to give; whereupon the defendant
excepted.   The bill of exceptions shows that another instruc-
tion was asked and refused; which, as it was not authorised by
the proof, and is not considered by this Court, it is deemed un-
necessary to notice it   .

GREEN, for the plaintiff in error.
BOYD, for the defendant.

COLLIER, C. J.—If the reasoning, and some of the conclu-
sions of the learned Judge, who delivered the opinion of the
Court in Hill v. Norris, 2 Stewt. & Porter's Rep. 114, be re-
garded as authoritative, the instruction prayed by the plaintiff
in error, should have be given to the jury.   That case howev-
er, so far as applicable to the present, is opposed by the more
recent adjudication of Shirley v.  Fellows, Wadsworth & Co.,
9 Por. 300.   In the latter case the Court says, " if one draws a
bill, without having funds in the hands of the drawee, for a
consideration passing to him, he is the real debtor in the trans-
action; and even after the acceptance of such a bill, his condi-
tion as the primary debtor still continues, although another
party has intervened, on whom the law casts the character of

being first liable to all the parties except the drawer.   Under these circumstances the law dispenses with notice, or assumes the drawer as chargeable with it; because it would be most iniquitous for him to claim a discharge from an actual debt, when he has either substituted no liability on another, or that other, if he paid the debt, would possess the clear and undisputed right to again recover the amount from his drawe r."

The reason, it is said, why the law, in general, requires the holder of a bill to give prompt notice of non-payment by the drawee, is, that the drawer may, by such notice, be enabled forthwith to withdraw his effects from the hands of the drawee, or to stop those which were about to be delivered to him, and to suspend any further credit, and that the drawer and indorsers respectively, take the necessary prompt measures against all parties liable to them, to obtain and enforce payment ; and if such notice be delayed, it is a *presumption of law* that the drawer and endorsers have been prejudiced.   But where it appears that the drawer had *no funds* in the hands of the drawee, there, the general rule requiring notice of the dishonor of the bill, will not operate.   It has been however, said, that of this exception, there are some modifications; and in Dickins v. Beal, 10 Pet. Rep. 572, Mr. Justice Baldwin, in delivering the opinion of the Court, undertakes to state them.   He says " if the drawer has made, or is making a consignment to the drawee, and draws before the consignment comes to hand.   If the goods are *in transitu,* but the bill of lading is omitted to be sent to the consignee, or the goods lost.   If the drawer has any funds or property in the hands of the drawee ; or there is a fluctuating balance between them in the course of their transactions; or a reasonable expectation that the bill would be paid.   Or if the drawee has been in the habit of excepting the bills of the drawer without regard to the state of their accounts, this would be deemed equivalent to effects.   Or, if there was a running account between them.   In all such cases, the drawer is considered as justified in drawing, as so far having right to draw, that the transaction cannot be denominated a fraud ; for in such a case, it is a fair commercial transaction, in which the drawer has a reasonable expectation that his bill will be honored ; and he is entitled to the same notice as a

Foard v. Womaek, use, &c.

drawer with funds, or authority to draw without funds." To sustain these modifications of the exception, the learned Judge cites 4 Cranch. Rep. 143, 164; 1 Dunf. & E. Rep. 405; 2 Dunf. & E. Rep. 712; 12 East Rep. 175; 15 East Rep. 220; 16 East Rep. 43; 20 Johns. Rep. 149; 4 M. & S. Rep. 229. See also Hopkirk v. Page, 2, Brockb. Rep. 20.

Such is the law as it has been laid down in the Supreme Court of the United States; but the same strictness as to giving notice to the drawer of a bill, of its dishonor by the drawee; has not been generally required, according to the qualifications of the exception recognized in other Courts. In Hoffman et al. v. Smith, 1 Caine's Rep. 160, the Court says that, as the drawer had no effects in the hands of the drawee, he could receive no injury by the omission to give him notice of non-payment; and, that although the bill was accepted, it made no difference. And in the Commercial Bank of Albany v. Hughes, 17 Wend. Rep. 94, the Judge who delivered the opinion of the Court, remarked, " I admit the liability of the drawer or indorser is in general, conditional, and depending on demand and notice; and that the rule should be strictly adhered to. Without demand and notice, he is *prima facie* discharged. He is conclusively discharged, unless it appear, and that clearly, that he could suffer no injury from the laches of the holder."

In the two last cases, cited from the New York Reports, the Court does not pretend to inquire, whether the drawers had a just expectation, that their bills would be honored, but merely whether they were not drawn without funds, or any thing equivalent, in the hands of the drawees; and it is said, that where such is the character of the transaction the drawer could not be prejudiced by the omission of the holder, to give him notice of the dishonor of his bill by the drawee; and consequently, he cannot insist upon the want of it. In the case cited from Caine, it appears that the bill was accepted, a circumstance which shows *prima facie*, that it was drawn in good faith, and on fund either in hands or expected, and that it would be paid at maturity; yet the Court held, that the acceptance made no difference—the drawer could not avail himself of the want of notice, if he had no funds in the hands of

the drawee. [See Eichelberger v. Finley, 8 Har. & Johns. Rep. 381.)

As there is evidently a want of harmony between the cases of Hill v. Norris, and Shirley v. Fellows, Wadsworth & Co., we have thought it proper to take this brief view of the law, touching the necessity of notice of the dishonor of a bill. We are satisfied that the latter case is not only consonant to reason and promotive of justice, but is well sustained by the more recent decisions.

In the case at bar, the objection was not so much to the want of notice, as to the failure of the holder to demand payment of the bill from the drawees, at its maturity. We have considered the necessity of notice immediately upon the dishonor of a bill, and have shown what excuses its omission; because it would seem to follow, that whatever dispenses with prompt notice, will relieve the holder from making a demand *immediately* upon the maturity of the paper.

It has been said, that the contract of the drawer is conditional, viz: That, if the bill be duly presented to the drawee for acceptance or payment, and prompt notice of the refusal given him, then he will himself pay the bill with damages, &c.; and that in order to make this contract absolute, it is necessary that a *presentment* should be made. [Chitty on bills, Barbour's ed., 1839, 300.] But where the drawer could not be prejudiced by the neglect to give notice, the presentment need not be made immediately upon the maturity of the bill. Mr. Chitty says that, "the delay to make a presentment in due time, may however, as far as respects the drawer's liability, be excused by the drawers not having had any right to draw; as where the drawee *had no effects* of the drawer in his hands, from the time of drawing the bill to the time it became due." [Chitty on bills, 300, 389; De Berdt v. Atkinson, 2 H. Bla. Rep. 336; Tery v. Parker, 1 Nev. & Per. Rep. 752.]

In the case before us, the bill was not drawn upon funds, and the drawer could not have been prejudiced by the omission of the holder to demand payment as soon as it became due. His defence then, is not sustained by moral justice, but is opposed by the law itself, and cannot be allowed.

The judgment of the County Court is affirmed.